## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **DEANNIE DOWNEY, BELINDA PRITCHETT and LORI SORRELL, individuals,** | § § § § | |
| | § | **CASE NO. 2:09-cv-222** |
| **Plaintiffs** | § | |
| | § | |
| vs. | § § | |
| | § | |
| **W.W. GRAINGER, INC. d/b/a GRAINGER INDUSTRIAL SUPPLY** | § § § | |
| | § | |
| **Defendant** | § | **JURY TRIAL DEMANDED** |

### PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, Deannie Downey ("Downey"), Belinda Pritchett ("Pritchett") and Lori Sorrell ("Sorrell"), individuals (collectively, the "Plaintiffs"), by and through their undersigned attorney and submit this Complaint against W.W. Grainger, Inc., d/b/a Grainger Industrial Supply, an Illinois corporation (the "Defendant" or "GIS"), on the following allegations:

### I.

### INTRODUCTION

1.01    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq.*) to correct unlawful employment practices. Plaintiffs timely filed charges of harassment and discrimination with the United States Equal Employment Opportunity Commission (EEOC) attached hereto as Exhibit A and the EEOC has already issued a "Notice of Right to Sue" on behalf of Downey, Pritchett and Sorrell, all of which are attached as

Exhibit "B" hereto. The Defendant persistently harassed, discriminated and retaliated against the named Plaintiffs.

## II.

## JURISDICTION

2.01    Jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive and other relief for illegal harassment and discrimination in employment.  This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## III.

## DEFENDANT

3.01    GIS was Plaintiffs' employer in Amarillo, Potter County, Texas at the time the alleged acts of discrimination, harassment and retaliation occurred.  Its business facility in Amarillo, Texas is located at 5807 Canyon Drive, Amarillo, Texas 79110.  Defendant GIS is an Illinois corporation and it regularly conducts business within the geographical area encompassed by the United States District Court for the Northern District of Texas.  Defendant GIS may be served via  its registered agent for service, CT Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

## IV.

## PLAINTIFFS

4.01    Plaintiffs are former GIS employees who were constructively discharged or discharged due to the hostile work environment created by GIS.

4.02    Deannie Downey is an adult female who began her employment with GIS on the 7th day of November, 2001, and was employed for six (6) years, eleven (11) months, and fifteen (15) days. She was constructively discharged on our about October 22, 2007. At the time of discharge, Plaintiff held a position as account manager. A Charge of Discrimination was issued by the United States Equal Employment Opportunity Commission (EEOC) and Downey received her "Notice of Right to Sue" on or about August 11, 2009.

4.03    Belinda Pritchett is an adult female who began her employment with GIS on the 2nd day of April, 2007, and was employed for one (1) years months, and twenty-six (26) days. She was discharged on our about April 28, 2008. At the time of discharge, Plaintiff held a position as a CSA. A Charge of Discrimination was issued by the United States Equal Employment Opportunity Commission (EEOC) and Pritchett received her "Notice of Right to Sue" on or about August 11, 2009.

4.04    Lori Sorrell is an adult female who began her employment with GIS on the 17th day of June, 1985, and was employed for twenty-one (21) years, five (5) months, and nine (9) days. She was discharged on our about November 26, 2007. At the time of discharge, Plaintiff held a position as sales team leader. Sorrell filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) and received her "Notice of Right to Sue" on or about August 11, 2008.

## V.

## ALLEGATIONS

5.01    The named Plaintiffs bring this action for discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq.*).

5.02    GIS engaged in policies and practices which willfully, intentionally and unlawfully discriminated and retaliated against Plaintiffs on the basis of their sex, age, and national origin. These practices and policies include, but are not limited to (1) allowing known sexual harassment and discrimination to take place and not taking action against that known sexual harassment and discrimination; (2) allowing known national origin harassment and discrimination to take place and not taking action against that known national origin harassment and discrimination; (3) allowing known age discrimination and harassment to take place and not taking action against that known age discrimination and harassment; (4) allowing a hostile work environment to exist and failing to take action to end such hostile work environment; and (5) allowing known retaliation against Plaintiffs for reporting the above discrimination, harassment and hostile work environment and failing to take action to have such retaliation cease.

5.03    Plaintiffs' discharges were a result of a policy and practice of GIS to allow sexual, national origin and age discrimination and harassment and for allowing retaliation for reporting such acts to continue.

5.04    Plaintiffs have been adversely affected by the willful discriminatory policies complained of herein.  Specifically, the Plaintiffs' claims arise out of the Defendants' discriminatory sexual, national origin and age harassment, discrimination and retaliation.

5.05    Additionally, GIS breached its contractual duties with Plaintiff Downey and tortiously interfered with Plaintiff Sorrell's business relationship after her constructive discharge from GIS, as further set out in this Complaint.

## VI.

## COUNT I

### Sexual Harassment and Discrimination

6.01    Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs.

6.02    GIS through its agents or supervisors engaged in a pattern and practice of unlawful sexual discrimination and harassment by subjecting Plaintiffs to unwelcome sexual harassment and discrimination.  Such harassment and discrimination included, but was not limited to, sexually explicit comments and demeaning overtones by Steve Cline, such as telling Plaintiffs to "show their tits" in order to make sales; telling Plaintiffs and female employees that "a woman's place is in the kitchen" and referring to himself as "The King"; making sexists remarks which were not made to male employees, such as calling Plaintiff Pritchett a "stupid bitch"; un-permitted touching by Steve Cline and unwelcome and uninvited exposure by Steve Cline.

6.03    The above-described unwelcome sexual discrimination and harassment created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiffs' emotional well-being.

6.04    GIS at all times relevant hereto had actual and constructive knowledge of the conduct described above.

6.05    As a result of the hostile and offensive work environment perpetrated by GIS and maintained by GIS's failure to protect Plaintiffs from further discrimination and harassment, Plaintiffs suffered severe emotional distress.

6.06    GIS failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Steve Cline as described above.

6.07    GIS failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate sexual harassment and discrimination from the workplace and to prevent it from occurring in the future.

6.08    Plaintiffs are informed and believe, and based thereon allege, that in addition the practices enumerated above, GIS has engaged in other discriminatory practices against them which are not yet fully known. At such time as said discriminatory practices became known to them, Plaintiffs will seek leave of Court to amend this Complaint in that regard.

6.09    As a direct and proximate result of GIS' willful, knowing and intentional discrimination and harassment against them, Plaintiffs have suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiffs are thereby entitled to general and compensatory damages in amounts to be proven at trial.

6.10    As a further direct and proximate result of GIS' violation as heretofore described, Plaintiffs have been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with GIS, and have thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiffs, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

6.11    Plaintiffs are informed and believe, and based thereon allege, that the outrageous conduct of Defendants described above was done with oppression and malice; with a conscious disregard for their rights; and with the intent, design and purpose of injuring them. Plaintiffs are further informed and believe that GIS, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of Steve Cline. By reason

thereof, Plaintiffs are entitled to punitive or exemplary damages from GIS in a sum according to proof at trial.

## VII.

## COUNT II

### National Origin Discrimination and Harassment

7.01    Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs.

7.02    GIS through its agents or supervisors engaged in a pattern and practice of unlawful national discrimination and harassment by subjecting Plaintiff Downey to unwelcome national harassment and discrimination.  Such harassment and discrimination included, but was not limited to, explicit, insulting and derogatory comments and demeaning overtones by Steve Cline regarding Plaintiff Downey (who is an American Indian), such as calling Plaintiff Downey a "squaw", a "blanket-ass" or a "gut eater."

7.03    The above-described unwelcome national origin discrimination and harassment created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional well-being.

7.04    GIS at all times relevant hereto had actual and constructive knowledge of the conduct described above.

7.05    As a result of the hostile and offensive work environment perpetrated by GIS and maintained by GIS's failure to protect Plaintiff Downey from further discrimination and harassment, Plaintiff suffered severe emotional distress.

7.06    GIS failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Steve Cline as described above.

7.07    GIS failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate national origin harassment and discrimination from the workplace and to prevent it from occurring in the future.

7.08    Plaintiff Downey is informed of and believes, and based thereon alleges, that in addition the practices enumerated above, GIS has engaged in other discriminatory practices against them which are not yet fully known.  At such time as said discriminatory practices became known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

7.09    As a direct and proximate result of GIS' willful, knowing and intentional national origin discrimination and harassment against her, Plaintiff Downey has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

7.10    As a further direct and proximate result of GIS' violation as heretofore described, Plaintiff Downey has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with GIS, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Downey, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

7.11    Plaintiff Downey is informed and believes, and based thereon allege, that the outrageous conduct of GIS described above was done with oppression and malice; with a conscious disregard for her rights; and with the intent, design and purpose of injuring her. Plaintiff Downey is further informed and believes that GIS, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of Steve Cline.

By reason thereof, Plaintiff Downey is entitled to punitive or exemplary damages from GIS in a sum according to proof at trial.

## VIII.

## COUNT III

### Age Discrimination and Harassment

8.01    Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs.

8.02    GIS through its agents or supervisors engaged in a pattern and practice of unlawful age discrimination and harassment by subjecting Plaintiffs Downey and Sorrell to unwelcome age harassment and discrimination.  Such age harassment and discrimination included, but was not limited to, demeaning comments and overtones by Steve Cline, such as "they were too old to sell"; "she is too old to get a job anywhere else" and "you are too old to handle that."

8.03    The above-described unwelcome age discrimination and harassment created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiffs' emotional well-being.

8.04    GIS at all times relevant hereto had actual and constructive knowledge of the conduct described above.

8.05    As a result of the hostile and offensive work environment perpetrated by GIS and maintained by GIS's failure to protect Plaintiffs from further age discrimination and harassment, Plaintiffs suffered severe emotional distress.

8.06    GIS failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Steve Cline as described above.

8.07    GIS failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate age harassment and discrimination from the workplace and to prevent it from occurring in the future.

8.08    Plaintiffs are informed and believe, and based thereon allege, that in addition the practices enumerated above, GIS has engaged in other discriminatory practices against them which are not yet fully known. At such time as said discriminatory practices became known to them, Plaintiffs will seek leave of Court to amend this Complaint in that regard.

8.09    As a direct and proximate result of GIS' willful, knowing and intentional age discrimination and harassment against them, Plaintiffs have suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiffs are thereby entitled to general and compensatory damages in amounts to be proven at trial.

8.10    As a further direct and proximate result of GIS' violation as heretofore described, Plaintiffs have been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with GIS, and have thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiffs, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

8.11    Plaintiffs are informed and believe, and based thereon allege, that the outrageous conduct of GIS described above was done with oppression and malice; with a conscious disregard for their rights; and with the intent, design and purpose of injuring them. Plaintiffs are further informed and believe that GIS, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of Steve Cline. By reason thereof,

Plaintiffs are entitled to punitive or exemplary damages from GIS in a sum according to proof at trial.

### IX.

### COUNT IV

### Retaliation

9.01    Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs.

9.02    GIS instituted a campaign of retaliation against Plaintiffs which included, but was not limited to, reduction in work hours; intimidation and insulting behavior such as throwing items across the room; looking through personal cell phones to determine if Plaintiffs had talked to Human Resources or the "Hotline"; Human Resources insulting Plaintiffs by telling them to "grow up" and handle such issues as "adults"; leaking the fact that calls had been made to the "Hotline"; reductions in accounts and deposits; and awarding employees with less seniority more favorable work schedules.  This retaliation was and is due to Plaintiffs exercising their rights by reporting Steve Cline's behavior described in this Complaint to the company "Hotline" and to the Human Resources department (and/or by GIS' belief that Plaintiffs' reported such behavior).   Plaintiffs were injured as a result of GIS' conduct.  Plaintiffs suffered damages for which Plaintiffs herein sue.

### X.

### COUNT V

### Intentional Infliction of Emotional Distress

10.01   Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs

10.02   GIS intentionally or recklessly discriminated against Plaintiffs. GIS' conduct was extreme and outrageous and proximately caused Plaintiffs severe emotional distress.

10.03   Through the outrageous conduct described above in this Complaint, GIS and its agents and representatives acted with the intent to cause, or with reckless disregard for the probability of causing Plaintiffs to suffer severe emotional distress.

10.04   As a direct and proximate result of GIS' actions, Plaintiffs have suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiffs are thereby entitled to general, compensatory and punitive damages in amounts to be proven at trial.

## XI.

## COUNT VI

### Respondeat Superior and Ratification

11.01   Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs

11.02   Wherever in this Complaint and Jury Demand it is alleged that GIS did an act or thing, it is meant that GIS' officers, agents, servants, employees, managers, supervisors or representatives did such act and/or that at the time such act was done, it was done with the full authorization or ratification of GIS or was done in the normal and routine course and scope of employment of GIS' officers, agents, servants, employees, managers, supervisors or representatives.

## XII.

### COUNT VII

### Constructive Discharge

12.01   Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs

12.02   GIS made the working conditions so intolerable that Plaintiffs felt compelled to resign their positions.  A reasonable person in the same position would have also felt compelled to resign.  As a result, Plaintiffs suffered damages for which Plaintiffs herein sue.

## XIII.

### COUNT VIII

### Invasion of Privacy

13.01   Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs

13.02   GIS intentionally invaded Plaintiffs' privacy by intruding on their solitude, seclusion, or private affairs.  This invasion was highly offensive to Plaintiffs and would be to highly offensive to a reasonable person.  Plaintiffs were injured because of the conduct of GIS, which included, but was not limited to, Steve Cline reviewing personal phone calls and monitoring personal e-mails.  Plaintiffs were injured as a result of GIS' conduct.  Plaintiffs suffered damages for which Plaintiffs herein sue.

13.03   GIS publicized facts regarding Plaintiffs private lives which were not of legitimate public concern, including, but not limited to, disclosures of medical conditions and disclosures of health conditions and concerns.  The publicity was highly offensive to Plaintiff and would be

highly offensive to a reasonable person. Plaintiffs were injured as a result of GIS' conduct. Plaintiffs suffered damages for which Plaintiffs herein sue.

## XIV.

## COUNT IX.

### Negligent Supervision and Negligent Hiring by GIS

14.01   Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs.

14.02   GIS knew that Steve Cline and/or its supervisors, agents and employees were engaging in the unlawful behavior described herein above.

14.03   At all times material herein, GIS knew, or reasonably should have known, that the conduct, acts, and failures to act of GIS and/or its supervisors, agents and employees as descried herein above violated Plaintiffs' rights under federal statutes.

14.04   At all times material herein, GIS knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described herein above, would and did proximately result in emotional distress to Plaintiffs, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

14.05   At all times material herein GIS knew, or in the exercise of reasonable care should have known, that unless GIS intervened to protect Plaintiffs, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failure to act, of GIS and/or its supervisors, agents or employees as alleged herein above, said conduct, acts, and failures to act would continue, thereby subjecting Plaintiffs to personal injury and emotional distress.

14.06   At all times material herein GIS knew, or in the exercise of reasonable care should have known, that unless GIS intervened to protect Plaintiffs, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failure to act, of GIS and/or its supervisors, GIS' failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing, and worsening said conducts, acts, and failures to act.

14.07   At all times material herein, GIS had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of GIS and/or its supervisors, agents or employees as described herein above.

14.08   Despite said knowledge, power, and duty, GIS negligently failed to act as so to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or to otherwise protect Plaintiffs.

14.09   As a direct and proximate results of the failure of GIS to protect Plaintiffs, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conducts, acts, and failures to act of GIS and/or its supervisors, agents, or employees as alleged herein above, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act.

14.10   At all times material herein, the failures of GIS to protect Plaintiffs and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conducts, acts, and failures to act of GIS and/or its supervisors, agents, or employees as alleged herein above violated Plaintiffs' rights under federal statutes.

14.11  As a direct and proximate result of GIS' actions, Plaintiffs have suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiffs are thereby entitled to general and compensatory damages in amounts to be proven at trial.

14.12  GIS' conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiffs' rights. The acts of GIS were performed with knowledge of an employer's economic power over its employees.  GIS through its officers, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of GIS and/or its supervisors, agents, or employees in this action. Consequently, Plaintiffs are entitled to punitive damages from GIS.

14.13  Plaintiffs allege that the conduct of GIS constituted negligent hiring.  Plaintiffs allege that GIS did not property screen, evaluate, investigate, or take any reasonable steps to determine whether its supervisors, managers and/or employees (specifically including, but not limited to, Steve Cline, its "Hotline" employees and its Human Resources personnel), were unfit, incompetent, or a danger to third parties.  GIS knew or should have known that these employees would come into contact with Plaintiffs, creating a risk of danger to Plaintiffs.  GIS' failure to exercise reasonable care in its hiring duties of these employees was the proximate cause of damages to Plaintiffs for which Plaintiffs hereby sue.

## XV.

## COUNT X.

### Tortious Interference with Contract by GIS

15.01  Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs.

15.02   Plaintiff Sorrell alleges that she has a contractual relationship with her new employer that was subject to interference by GIS.  Sorrell's current employer had always received a discount in the past from GIS.  For no other apparent reason, GIS suddenly and unilaterally reduced such discount.  Sorrell alleges that GIS willfully and intentionally interfered with this contract because supervisory personnel at GIS know that Sorrell is working for a new employer.  Such interference was the proximate cause of Plaintiff Sorrell's damages for which she herein sues.

XVI.

COUNT XI.

**Breach of Contract**

16.01   Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs.

16.02   Plaintiff Downey's accounts and sales were unilaterally adjusted by GIS in the latter part of 2006, to Downey's substantial detriment.  Such adjustments caused Plaintiff Downey losses of over $100,000, including the actual adjustments, and loss of increased year-end salary and other incentives which would have carried over to calendar year 2007.  Plaintiff Downey continually sought rectification of such adjustment, but no relief nor explanation was given to Downey for the adjustments made to her account.

16.03   At all times material hereto, Plaintiff Downey performed her obligations under the terms of her employment with GIS.  GIS breached its express and implied contractual commitments to Plaintiff Downey by unilaterally and impermissibly adjusting her sales accounts and by forcing Plaintiff Downey to be constructively discharged prior to re-adjusting or re-crediting her sales accounts.

16.04   As a direct and proximate result of GIS' breach, Plaintiff Downey in fact suffered loss of wages, year end increases, bonuses and benefits, the full extent and nature of which are presently unknown to her.   Plaintiff Downey will therefore seek leave of Court to amend this complaint at such time as these damages are fully ascertained.

## XVII.

## COUNT XII.

### Accounting and Breach of Fiduciary Duty

17.01   Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs.

17.02   GIS has failed to accurately account to Plaintiff Downey for the adjustments to her accounts, the loss of her year-end additional bonuses, increases in pay and the like.

17.03   Plaintiff is entitled to a full and accurate accounting of all sales, accounts, sales accounts, adjustments, credits, commissions, and her compensation with regard to all of Plaintiff Downey's book, sales, accounts and compensation from 2006 until the date of her constructive discharge.

## XVIII.

### Damages

18.01   Plaintiffs re-allege and incorporate herein by reference the allegations contained in the above paragraphs.

18.02   As a direct and proximate result of GIS's conduct, Plaintiffs have suffered injuries and damages and therefore pray that judgment be entered in their favor and against GIS as follows:

18.03   That Plaintiffs be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

14.04   That Plaintiffs be awarded punitive and exemplary damages in an amount according to proof at trial;

18.05   That Plaintiffs be awarded reasonable attorney's fees and costs of suit;

18.06   That GIS be ordered to fully account to Plaintiff Downey sales, accounts, sales accounts, adjustments, credits, commissions, and her compensation with regard to all of Plaintiff Downey's book, sales, accounts and compensation from 2006 until the date of her constructive discharge; and

18.07   That Plaintiffs be awarded such other and further relief as the Court deems just and proper.


**WHEREFORE,** premises considered, Plaintiffs respectfully pray that GIS be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against GIS, for actual, compensatory, punitive and exemplary damages in an amount within the jurisdictional limits of the court, including, but not limited to: (i) back pay, pre-judgment interest, fringe benefits and any other appropriate relief necessary to make Plaintiffs whole and compensate them for their civil rights and other violations described above; (ii) front pay, post-judgment interest, fringe benefits and other compensation; (iii) attorney's fees and costs of suit; (iv) punitive and exemplary damages; (v) an accounting as requested above; (vi) damages for mental anguish and emotional distress; (vii) damages for reasonable medical care and expenses; and (viii) such other legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF HERMAN JESKO
301 S. Polk St., Suite 380
Amarillo, Texas 79101
806-367-5500 - Telephone
806-367-5502 - Facsimile

LAW OFFICES OF PHILIP R. RUSS
Philip R. Russ, SBN 17406000
Felipe Zavala, SBN 24013796
2700 S. Western, Suite 1200
Amarillo, Texas 79109
806-358-9293 - Telephone
806- 358-9296 - Facsimile

Philip R. Russ, SBN 17406000

**JURY DEMAND**

Plaintiffs herewith demand a trial by jury.

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 450-2008-02535 |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Belinda Pritchett** | **(806) 635-5111** | **09-19-1961** |

Street Address / City, State and ZIP Code

**P.O. Box 231   Channing, Texas   79018**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **GRAINGER, INC** | **500 or More** | **(806) 355-4884** |

Street Address / City, State and ZIP Code

**5807 Canyon Drive,  Amarillo, TX 79110**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **07-03-2007** Latest **04-28-2008**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**EEOC RECEIVED ORIGINAL COMMUNICATION (UNPERFECTED CHARGE) ON APRIL 21, 2008.**

PERSONAL HARM:
1. Steve Cline, Branch Manager, subjected me to a sexually hostile working environment. He sexually harassed me by touching my hand in a sexual nature and he continually made comments of a sexual nature, including sexual jokes. Other females received similar treatment.
2. I was harassed.
3. On or about April 28, 2008, because of unbearable treatment, I was forced to quit my employment.

RESPONDENT'S REASON FOR ADVERSE ACTION:
1. Not applicable.
2. Not applicable.
3. Not applicable.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

9-22-08   Date / Charging Party Signature

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2008-02535 |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Page 2. Belinda Pritchett vs. Grainger Inc.

DISCRIMINATION STATEMENT:

I believe I have been discriminated against because of my sex, Female, in violation of Title VII of the Civil Rights Act of 1964, as amended. Additionally, I was harassed and forced to resign in retaliation for having complained of discrimination in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 9-22-08<br>*Date*    X *Belinda Pritchett*<br>*Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (5/01)

(DHL)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2008-02536 |

**Texas Workforce Commission Civil Rights Division** and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Lori Sorrell** | **(806) 373-5678** | **07-02-1963** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3912 JJ Street, Canyon, TX 79015** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **GRAINGER, INC** | **500 or More** | **(806) 355-4884** |

| Street Address | City, State and ZIP Code |
|---|---|
| **5807 Canyon Drive, Amarillo, TX 79110** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **05-30-2007**   Latest **11-26-2007**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
**EEOC RECEIVED ORIGINAL COMMUNICATION (UNPERFECTED CHARGE) ON APRIL 21, 2008.**

PERSONAL HARM:
1. Steve Cline, Branch Manager, subjected me and other females to a sexually hostile working environment. He advised females to "show your tits" to customers.
2. Steve Cline harassed and subjected me and other females to derogatory name-calling because of our age.
3. On or about November 26, 2007, because of unbearable treatment, I was forced to quit my employment.

RESPONDENT'S REASON FOR ADVERSE ACTION:
1. Not applicable.
2. Not applicable.
3. Not applicable.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

X 9.23.08 _____ X _Lori Sorrell_
Date           Charging Party Signature

_Laquita J. McCarty_

LAQUITA J. MCCARTY
NOTARY PUBLIC
STATE OF TEXAS
8-14-2012

EEOC Form 5 (5/01)

(DHL)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2008-02536 |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Page 2. Lori Sorrell vs. Grainger Inc.

DISCRIMINATION STATEMENT:

I believe I have been discriminated against because of my sex, Female and because of my age, 44, in violation of Title VII of the Civil Rights Act of 1964, as amended and in violation of the Age Discrimination in Employment Act of 1967, as amended. Additionally, I was harassed and forced to resign in retaliation for having complained of discrimination in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended and in violation of Section 4(d) of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | *Laquita J. McCarty* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Lori Sorrell* |
| X 9-23-08    X *Lori Sorrell*<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

LAQUITA J. McCARTY
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
8-14-2012

EEOC Form 5 (5/01)

(DHL)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 450-2008-02534 |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Deannie Downey** | **(806) 679-6722** | **01-25-1957** |

| Street Address | City, State and ZIP Code |
|---|---|
| **151 W. Plantation, Amarillo, TX 79118** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **GRAINGER, INC** | **500 or More** | **(806) 355-4884** |

| Street Address | City, State and ZIP Code |
|---|---|
| **5807 Canyon Drive, Amarillo, TX 79110** | **RECEIVED** |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | SEP 1 9 2008 | |
| Street Address | City, State and ZIP Code | US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **06-26-2007** Latest **10-22-2007**
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**EEOC RECEIVED ORIGINAL COMMUNICATION (UNPERFECTED CHARGE) ON APRIL 21, 2008.**

PERSONAL HARM:
1. Steve Cline, Branch Manager, subjected me to a sexually hostile working environment. He sexually harassed me by touching or rubbing my breast, by exposing himself to me, advising me to "show your tits" to customers, and by referring to me as "old cunt ." Other females received similar treatment.

2. Steve Cline harassed and subjected me to racially derogatory slurs and name-calling. He referred to me as "blanket ass," "squaw," and "gut eater."

3. Steve Cline harassed and subjected me and other females to derogatory name-calling because of our age. He constantly referred to us as "old cunts."

4. On or about October 22, 2007, because of unbearable treatment, I was forced to quit my employment.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *9-12-08*   x *Deannie Downey* | *Deannie Downey* SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

LAQUITA J. McCARTY
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES 8-14-2012

DHL

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2008-02534 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Page 2.:  Deannie Downey vs. Grainger, Inc.


RESPONDENT'S REASON FOR ADVERSE ACTION:

1.  Not applicable.

2.  Not applicable.

3.  Not applicable.

4.  Not applicable.


DISCRIMINATION STATEMENT:

I believe I have been discriminated against because of my sex, Female, because of my race, Native American, and because of my age, 50, in violation of Title VII of the Civil Rights Act of 1964, as amended and in violation of the Age Discrimination in Employment Act of 1967, as amended.  Additionally, I was harassed and forced to resign in retaliation for having complained of discrimination in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended and in violation of Section 4(d) of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>Deannie Downey |

Laquita J. McCarty

LAQUITA J. McCARTY
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
6-14-2012

8-17-08
Date        X Deannie Downey
              Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

# EXHIBIT B

EEOC Form 161-A (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| | | | |
|---|---|---|---|
| To: | **Deannie Downey**<br>**151 W. Plantation**<br>**Amarillo, TX 79118** | From: | **Dallas District Office**<br>**207 S. Houston St.**<br>**3rd Floor**<br>**Dallas, TX 75202** |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **450-2008-02534** | **Armando Matamoros,**<br>**Investigator** | **(214) 253-2814** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Michael C. Fetzer,*
**Director**

AUG 0 7 2009

*(Date Mailed)*

cc: **Hank Galatz**
**Human Resources Director**
**GRAINGER INC**
**100 Grainger Parkway**
**Lake Forest, IL 60045**

Felipe Zavala
Attorney At Law
2700 South Western, Suite # 1200
Amarillo, Texas 79109

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To:  **Belinda Pritchett**
**P.O. Box 231**
**Channing, TX 79018**

From:  **Dallas District Office**
**207 S. Houston St.**
**3rd Floor**
**Dallas, TX 75202**

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2008-02535 | **Armando  Matamoros,**<br>**Investigator** | **(214) 253-2814** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge.  The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you.  In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case.  This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
**Michael C. Fetzer,**
**Director**

AUG 0 7 2009
*(Date Mailed)*

Enclosures(s)

cc:  **Hank Galatz**
**Human Resources Director**
**GRAINGER, INC.**
**100 Grainger Parkway**
**Lake Forest, IL 60045**

Felipe Zavala
Attorney At Law
2700 South Western, Suite # 1200
Amarillo, Texas 79109

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
## (CONCILIATION FAILURE)

To:   **Lori Sorrell**
      **3912 Jj Street**
      **Canyon, TX 79015**

From:   **Dallas District Office**
        **207 S. Houston St.**
        **3rd Floor**
        **Dallas, TX 75202**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **450-2008-02536** | **Armando Matamoros,** **Investigator** | **(214) 253-2814** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Michael C. Fetzer,**
**Director**

AUG 0 7 2009

*(Date Mailed)*

cc:   **Hank Galatz**
      **Human Resources Director**
      **GRAINGER, INC**
      **100 Grainger Parkway**
      **Lake Forest, IL 60045**

Felipe Zavala
Attorney At Law
2700 Southwestern, Suite # 1200
Amarillo, Texas 79109

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Downey, Deannie, Pritchett, Belinda and Sorrell, Lori

## DEFENDANTS
W.W. Grainger, Inc. d/b/a Grainger Industrial Supply

**(b)** County of Residence of First Listed Plaintiff    Randall
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Philip R. Russ, Philip R. Russ and Felipe Zavala,
2700 South Western, Ste. 1200, Amarillo, TX 79109, 806-358-9293

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 2000e et. seq.
Brief description of cause:
Discrimination, harassment and retaliation in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 1,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                DOCKET NUMBER

DATE
09/03/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

JS 44 Reverse  (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553
                                                                          Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.